# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JESSICA J. CHRISTIANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1114-MLB |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON IFP STATUS AND
## APPLICATION FOR APPOINTMENT OF COUNSEL

On June 19, 2007, the Court issued an Order (Doc. 5) taking under advisement Plaintiff Jessica Christiansen's "Application for Leave to File Action Without Payment of Fees, Costs, or Security" (IFP Application, Doc. 2, sealed) and Application for Appointment of Counsel (Doc. 3). Per the Court's Order, Plaintiff filed supplements to her Complaint and financial affidavits on July 9, 2007. (Doc. 6, sealed.) Thereafter, the Court granted Plaintiff's *IFP* motion, but denied without prejudice Plaintiff's Application for Appointment of Counsel, holding that she would be able to sufficiently gather and present facts relevant to her case. (Doc. 7, at 7.) The Court stated it would be willing to revisit the issue

"should Plaintiff provide the Court with sufficient evidence of a compelling need for a court-appointed attorney." (*Id.*)

Plaintiff subsequently filed a request for reconsideration of the Order. (Doc. 8.) Plaintiff contends that she is unable to "navigate" the Court process on her own. She states that she "had an advisor and a representative to help [her] that had already been through the EEO/EEOC process themselves." (*Id.*, at 2.) These advisors are, however, "unwilling" to assist Plaintiff in her federal court case. (*Id.*)

Courts in this district have concluded that the factual and legal issues in discrimination cases such as the one brought by Plaintiff are not unusually complex. See **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000). As this Court previously stated, while an attorney might present Plaintiff's case more effectively, this fact alone does not warrant appointment of counsel. (Doc. 7, at 7.) Although Plaintiff "argues that [she] is untrained in the law, the same may be said for any *pro se* claimant." **Abu-Fakher v. Bode**, 175 Fed.Appx. 179, 185 (10th Cir. 2006) (citing **Rucks v. Boergermann**, 57 F.3d 978, 979 (10th Cir. 1995)). Further, Plaintiff filed her federal court Complaint and the supplement thereto, which included an abundance of factual detail written and/or compiled by Plaintiff. (Doc. 6.) The Court therefore finds that Plaintiff "is an

2

intelligent and articulate individual who can gather and present facts crucial to her case." *Kayhill*, 197 F.R.D. at 458.

In her motion for reconsideration, Plaintiff has provided the Court with no "compelling need" for appointment of counsel. As such, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 16th day of October, 2007.

                                  s/  DONALD W. BOSTWICK
                                  DONALD W. BOSTWICK
                                  United States Magistrate Judge